NOT FOR PUBLICATION                                                                                      CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT FUNK, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 08-5208 (FSH) (PS) |
| v. | **OPINION & ORDER** |
| CIGNA GROUP INSURANCE, LUCENT TECHNOLOGIES, INC. and LUCENT TECHNOLOGIES, INC. LONG TERM DISABILITY PLAN FOR MANAGEMENT EMPLOYEES, | Date: March 14, 2012 |
| Defendants. |  |

**HOCHBERG, District Judge;**

This matter comes before the Court upon Plaintiff Robert Funk's Motion to Enforce Settlement and Award Attorneys' Fees and Costs, which is the sole matter before this Court.[1] The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

On September 12, 2011, joint counsel[2] for Defendants Lucent and CGLIC sent Plaintiff's counsel an e-mail which stated: "This will confirm that defendants have agreed to payment to

---

[1] The other motions filed in this action, which concern matters not before the Court are: Defendant Lucent Technologies, Inc.'s and Defendants Lucent Technologies Inc. Long Term Disability Plan for Management Employees' (collectively, "Lucent") Cross-Motion to Enforce the Settlement and Defendant Connecticut General Life Insurance Co.'s ("CGLIC,") (improperly named as CIGNA Insurance Group) Cross-Motion to Strike Lucent's Cross-Motion.

[2] Defendants Lucent and CGLIC now have separate counsel but were jointly represented by the same attorney from January 13, 2009 (shortly after this action was filed) until November 29, 2011.

plaintiff of a lump sum amount of $60,000 in exchange for release of all claims against defendants, subject to agreement to the form of final written release and settlement agreement . . . ." Exhibit A to Certification of Steven Gaechter in Support of Motion to Enforce Settlement and Award Attorneys' Fees and Costs ("Gaechter Cert."). This e-mail confirms that there was both an offer and acceptance to settle this case for $60,000 in exchange for Plaintiff's release of claims against Defendants. No contingencies were expressed by Defendants; the provision about "agreement to the form" of the final documents does not constitute any condition precedent to the settlement on the basis of any side deal between the two defendants that was not expressed to Plaintiff. Therefore, on September 12, 2011, there was an enforceable settlement between Plaintiff and Defendants as long as Plaintiff was ready willing and able to execute an appropriate release, as to which there is no doubt by any party.

      The fact that Defendants had reached a settlement with Plaintiff was further confirmed by Plaintiff's September 20, 2011 letter to this Court, copied to Defendants Lucent and CGLIC's joint counsel, properly notifying the Court pursuant to L. Civ. R. 41.1(b) that "the parties have arrived at a settlement subject to the execution of a written Release" and that "[a] Stipulation of Dismissal with Prejudice will be filed upon the consummation of the settlement." September 20, 2011 Letter from Steven Gaechter, Esq. (Docket # 60). Again, this letter to the Court did not state that the settlement with Plaintiff was contingent upon any side deals between Defendants. Furthermore, neither Defendant responded to this Court after receiving its respective copy of Plaintiff's letter to this Court with any objection to the accuracy of Plaintiff's representations. Nor did either Defendant notify this Court that there were any contingencies or preconditions to consummation of the settlement. By their silence and acquiescence, Defendants once again expressed through their conduct that a $60,000 settlement had been reached with Plaintiff,

subject only to Plaintiff's execution of an appropriate release.[3] Therefore, the Court finds that Defendants settled this matter with Plaintiff by agreeing to pay Plaintiff $60,000 in exchange for Plaintiff's written release of his claims against Defendants.[4]

Despite their legal obligation to pay $60,000 to Plaintiff, Defendants willfully failed to pay Plaintiff for a period of over two months following their e-mail confirming the settlement, requiring Plaintiff to again incur legal fees to file the instant motion to enforce the settlement.[5]

---

[3] The fact of Defendants' settlement with Plaintiff is further confirmed by CGLIC's representations to this Court. *See* Brief of [CGLIC] in Response to Plaintiff's Motion to Enforce Settlement and Award Attorneys' Fees and Costs, at 1 ("CGLIC does not dispute that the parties reached a settlement to pay Plaintiff a settlement fund with contributions from both CGLIC and co-defendants [Lucent]. CGLIC believes that Plaintiff should be paid the settlement funds subject to the execution of a written release of the claims and counterclaim.").

[4] "It is not necessary that a settlement be in writing, nor will an oral agreement necessarily be unenforceable because the parties contemplate a future writing to flesh out details." *Douris v. Hopewell Twp.*, No. 10-2650, 2012 WL 481177, at *2 (D.N.J. Feb. 14, 2012) (citing *Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 349 (D.N.J. 1996)); *see also Lahue v. Pio Costa*, 623 A.2d 775, 788 (N.J. Super. Ct. App. Div. 1993) ("[w]here the parties agree upon the essential terms of a settlement, so that the mechanics can be 'fleshed out' in a writing to be thereafter executed, the settlement will be enforced notwithstanding the fact the writing does not materialize because a party later reneges").

[5] A separate side issue between Defendants has now become a war, which has required each Defendant to retain separate counsel. This battle pertains to whether Defendants reached a separate agreement regarding the payment of their joint counsel's fees and whether purportedly privileged communications between Defendants and their joint counsel were improperly disclosed in filings in this action.

Whatever side deal was or was not agreed upon between Defendants is not before this Court. There have been no cross-claims between Defendants on this or any other issues. There has been no indication that there were any conditions precedent to the settlement agreement with Plaintiff other than Plaintiff's execution of a written release nor was there any notification to Plaintiff that the resolution of any side issue between Defendants must precede the settlement payment to Plaintiff. Had Plaintiff been informed that the settlement was contingent upon Defendants' resolution of a complicated and controverted side issue he may have refused what is, in light of the extended litigation history of this case, a relatively small monetary settlement. Of course, no disclosure of any side deal contingency was ever made to Plaintiff and, therefore, the resolution of any side deal is not a condition precedent to the instant settlement, as both Defendants well knew because neither so informed this Court when it was informed on September 20, 2011 that a settlement had been reached subject only to agreements as to the form of the documents.

3

Plaintiff is entitled to the requested sanctions for Defendants' failure to make the agreed upon settlement payment; Plaintiff is entitled to attorneys' fees and costs incurred in bringing the instant motion pursuant to 29 U.S.C. § 1132(g).[6]  Under this ERISA provision, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  The Supreme Court has held that a party need only "show some degree of success on the merits" as opposed to being a "prevailing party" in order for a court to award attorney's fees under this statute. *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2157-58 (2010).  Here, Plaintiff has shown ample success on the merits with regard to the instant motion to enforce the settlement agreement.[7]

---

Any dispute between Defendants regarding privilege, attorneys' fees, or anything else can be resolved privately or pursued in a separately filed action in a court of appropriate jurisdiction.  The privilege issues arising out of Defendants' joint representation by a single attorney can be addressed by whichever court is assigned to that separate action between Defendants.  In order to preserve that issue for a subsequent judicial officer, this Court will seal Lucent's brief that purportedly discloses privileged communications.  The Court further states that in reaching this decision it was not necessary to consider, and it has not considered, anything claimed to be privileged.  Additionally, though any late-developing side battles between Defendants are not before this Court, it is willing to recommend a mediator to Defendants should they so desire, provided that both concur that in so doing, this Court is not exercising jurisdiction over their dispute with each other.

[6] The Court awards Plaintiff attorneys' fees and costs under the ERISA statute, therefore, it need not rely on its inherent power to sanction Defendants. *See Zuk v. Eastern Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania*, 103 F.3d 294, 298 (3d Cir. 1996) ("when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the rules are up to the task, the court may safely rely on its inherent power").

[7] Other courts have also found it appropriate to consider sanctions stemming from a defendant's delay in making a settlement payment in an ERISA action under 28 U.S.C. § 1132(g). *See Estate of Cencula v. John Alden Life Ins. Co.*, 174 F. Supp. 2d 794, 801-02 (N.D. Ill. 2001) (awarding attorneys' fees incurred in bringing petition to enforce settlement in ERISA action after defendant's delay in making payment); *Tyler v. Ploof Truck Lines, Inc.*, No. , 96-T-1192-E, 1999 WL 961262 (M.D. Ala. Sept. 17, 1999) (same).

Additionally, a consideration of the Third Circuit's *Ursic* factors supports an award of attorneys' fees. *See Martorana v. Bd. of Trustees of Steamfitters Local Union 420 Health, Welfare and Pension Fund*, 404 F.3d 797, 804 ("We have previously required that district courts consider several factors before awarding such fees. These include: (1) the offending party's culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions.") (citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983)).[8]

Under the first *Ursic* factor, the Court finds that Defendants have engaged in bad faith and culpable conduct by withholding payment to Plaintiff for months based on an undisclosed side dispute which was not reserved as a condition precedent to the settlement. Defendants' bad faith is further evidenced by the fact they never notified the Court, after receipt of Plaintiff's September 20, 2011 notification of settlement, that the settlement was not being paid to Plaintiff because they had an internal dispute with each other.[9]

---

[8] "[T]he *Ursic* factors are not requirements in the sense that a party must demonstrate all of them in order to warrant an award of attorney's fees, but rather they are elements a court must consider in exercising its discretion." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 275 (3d Cir. 2004).

[9] If the Court were to find that the parties had not actually reached a settlement, it would be inclined to issue an Order to Show Cause as to why Defendants should not be sanctioned for breaching their duty of candor to this Court by failing to submit any written objection to Plaintiff's September 20, 2011 representation that the parties had settled. It is entirely unacceptable and improper for Lucent's counsel to remain silent until after Plaintiff was forced to file a motion to enforce the settlement, and only then to raise the issue for the first time in its responsive brief to that motion nearly three months after Plaintiff notified the Court that a settlement had been reached. It may also have been CGLIC's duty to inform this Court of the dispute with its co-defendant, even though CGLIC concurred with Plaintiff that a settlement had been reached. Such an Order to Show Cause would involve both legal and ethical issues regarding candor with the Court following a straightforward notification of settlement. If, in fact, no settlement had been reached, it was Defendants' duty to notify the Court immediately following Plaintiff's September 20, 2011 letter. Instead, Defendants' silence, spanning a period of almost three months, indicated that a settlement had in fact been reached and was being

The second *Ursic* factor weighs in favor of awarding fees to Plaintiff, as the Court awards Plaintiff only the fees incurred in bringing this motion to enforce the settlement agreement, which Defendants, two large corporations, should easily be able to pay.

With respect to the third *Ursic* factor, the Court finds that awarding a fee will likely deter Defendants from holding up settlements based on separate side battles in the future. The final two *Ursic* factors are less applicable to this motion and, given that the first three factors overwhelmingly weigh in favor of awarding fees, need not be considered.

The unilateral decision by Defendants not to pay the settlement amount to Plaintiff is sanctionable. The settlement payment is a joint and several liability based upon the terms stated in Defendants' joint email to Plaintiffs' counsel.[10] Because CGLIC has stated its willingness to pay Plaintiff, only Lucent will be sanctioned at this time. If CGLIC fails to make full payment to Plaintiff, it will be subject to sanctions as well.[11] All of Plaintiff's legal fees in bringing the instant motion shall be paid by Lucent.

For the reasons stated above, **IT IS** on this 14 day of March 2012,

**ORDERED** that Plaintiff's Motion to Enforce Settlement and Award Attorneys' Fees and Costs (Docket # 61) is **GRANTED**; and

---

consummated through the mutual exchange of releases. If such a hearing were to become necessary, Defendants' joint counsel would be in the uncomfortable position of stating which of his clients is telling the truth.

[10] In their September 12, 2011 e-mail confirming the settlement, Defendants did not indicate any allocation of responsibility between them for the $60,000 payment; they merely stated that they had agreed to pay Plaintiff $60,000. Accordingly, Defendants will be jointly and severally liable for this amount.

[11] CGLIC can avoid sanctions by making full payment of the $60,000 settlement to Plaintiff. Any side deal or agreement between Defendants regarding the amounts of their respective contributions to the settlement payment is not before this Court and need not be reached. If CGLIC wishes seek recoupment or contribution from Lucent based on any side deal, it may do so in a separate action.

**IT IS FURTHER ORDERED** Defendant Lucent's Cross-Motion to Enforce the Settlement (Docket #66) is **DENIED** and Defendant CGLIC's Cross-Motion to Strike (Docket # 68) is **ADMINISTRATIVELY TERMINATED**; and

**IT IS FURTHER ORDERED** that Defendants shall be jointly and severally liable to pay Plaintiff $60,000, as agreed by all parties, in exchange for Plaintiff's release of all claims against Defendants; and

**IT IS FURTHER ORDERED** that Defendant Lucent shall reimburse Plaintiff for his attorneys' fees and costs related to this motion in an amount to be determined by the Court upon a filing of a statement of costs and fees by Plaintiff; and

**IT IS FURTHER ORDERED** that should Defendant CGLIC fail to make payment to Plaintiff of the full settlement amount it will be jointly liable for Plaintiff's attorneys' fees and costs in bringing the instant motion; and

**IT IS FURTHER ORDERED** that Defendant Lucent's Cross-Motion to Enforce the Settlement (Docket #66) and all attachments are **SEALED**; and

**IT IS FURTHER ORDERED** that this case shall remain **CLOSED**.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.